United States District Court
Southern District of Texas
**ENTERED**
April 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW SCOTT, § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 4:23-cv-1380 |
| § | |
| VULCAN MATERIALS COMPANY, § | |
| § | |
| *Defendant*. § | |

## ORDER

Pending before this Court is Defendant Vulcan Materials Company ("Defendant" or "Vulcan") Motion for Summary Judgment. (Doc. No. 12). Plaintiff Matthew Scott ("Plaintiff" or "Scott") filed a response (Doc. No. 14), and Defendant replied. (Doc. No. 15). Having considered the Motion for Summary Judgment, amended response, reply, and the evidence, the Court **GRANTS** Defendant's Motion. (Doc. No. 12).

### I.  Background

This is an employment dispute stemming from Plaintiff's alleged constructive discharge from his employment with Defendant. Vulcan is a "major producer of aggregates-based construction materials." (Doc. No. 12 at 7). Scott began working for Vulcan as an Equipment Operator in August 2019 at its Huntsville, Texas location. (Doc. No. 14 at 6). As an Equipment Operator, Scott was required to load trucks with material and to perform general maintenance duties. (*Id.*). In June 2020, Scott began his transition to a Scales Clerk position. (*Id.*). Consequently, Scott was transferred to the Montgomery, Texas plant. (*Id.*). As a Scales Clerk, Scott took phone calls from customers coming into the plant and coordinated between dispatch and road crews, took payments from customers as they came in, and prepared paperwork that was not required of the Equipment Operator position. (*Id.*); (Doc. No. 14-1 at 6).

On May 18, 2021, Plaintiff emailed Vulcan's human resources department to notify his employer that he was scheduled for shoulder surgery and to request a Family and Medical Leave Act ("FMLA") leave of absence. (Doc. No. 14 at 7); (Doc. No. 15 at 36). Vulcan approved his FMLA request, starting on the day of his surgery, June 23, 2021. (*Id.*). Though Scott originally requested three to four weeks leave for his recovery, he returned to the plant just two weeks later with his right arm in a sling. (Doc. No. 15 at 36); (Doc. No. 14-1 at 8). The next day, his supervisor and a human resources representative notified Plaintiff that his Scales Clerk position at the Montgomery plant had been eliminated due to the implementation of a remote ticketing system. (Doc. No. 14-1 at 9); (Doc. No. 14 at 7). Instead of terminating Scott's employment, Vulcan reassigned him to his previous Equipment Operator position. (*Id.*). During this same meeting, his supervisor informed him that he would need to return to FMLA leave until he was no longer in the sling because he could not perform his job duties as an Equipment Operator while still using the sling. (*Id.*).

Scott returned to the Montgomery plant on September 20, 2021 after his doctor released him to return to work without restriction. (Doc. No. 14 at 8); (Doc. No. 12 at 13). On April 26, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, citing race and disability discrimination as well as retaliation. (Doc. No. 12-1 at 45). No one at Vulcan ever discussed the charge with Plaintiff. (Doc. No. 14-1 at 19). Plaintiff alleges that Defendant's "failure to follow its own policies" creates an "inference" of discriminatory bias, when other similarly situated non-disabled employees were treated more favorably and were not subjected to a change in position or increased workload. (Doc. No. 14 at 20). Scott also alleges that, upon his return, his supervisors began to retaliate against him for taking FMLA leave. (Doc. No. 14 at 8, 22). These alleged retaliatory acts included alternating Plaintiff's job schedule, which

caused him to travel between plants more often, alteration of his duties, and a change in his supervisors' demeanor. (*Id.* at 9).

Although Plaintiff filed this suit in April 2023, he asserts in his response to the Motion that the alleged retaliation and "discriminatory work environment" forced his constructive discharge on July 12, 2023. (*Id.* at 9). Plaintiff brought this suit, claiming disability discrimination and retaliation under Chapter 21 of the Texas Labor Code ("TCHRA"). (Doc. No. 1 at 10–12).[1][2][3]

Defendant now moves for summary judgment on both claims. Defendant asserts that summary judgment is warranted for four reasons. First, Plaintiff's claims are time-barred because he failed to comply with the TCHRA's 180-day filing requirement. Second, Defendant claims that Plaintiff cannot establish a *prima facie* case for either of his claims. Third, Defendant contends that it had a legitimate, non-retaliatory reason for reassigning Plaintiff to his previous position—that the Sales Clerk position was eliminated at the Montgomery Plant when Vulcan automated the scale ticketing system. Finally, Defendant claims that Plaintiff cannot satisfy the appropriate causation standard for each claim to prove that Defendant's proffered reasons are merely pretext.

---

[1] Plaintiff's Response to the Motion for Summary Judgment states that he brought his retaliation claim "under the FMLA under 29 U.S.C. § 2615 stemming from his participation in FMLA and subsequent constructive discharge from his employment with Defendant." (Doc. No. 14 at 5). Nevertheless, Plaintiff's live pleading does not allege any cause of action arising under the FMLA. *See* (Doc. No. 1). Instead, the pleading repeatedly alleges that Defendant retaliated against Plaintiff in "violation of Chapter 21 of the Texas Labor" Code. (*Id.* at 10–12) (e.g. "This Court has jurisdiction of this action as this case arises under Chapter 21 of the Texas Labor Code," "Defendant falls squarely within the definition of employer under Chapter 21 of the Texas Labor Code," "This is an action brought pursuant to Chapter 21 of the Texas Labor Code," "Defendant has retaliated against Plaintiff for engaging in protect activity because of his perceived disability of report of disability in violation of Chapter 21 of the Texas Labor" Code). Though Plaintiff mentions taking FMLA leave, he never pleads a cause of action under the FMLA. The Court will not allow Plaintiff to rewrite his cause of action in his Response to Plaintiff's Motion to attempt to avoid summary judgment.

[2] Although Plaintiff exclusively pleaded state-law causes of action, this Court still has subject matter jurisdiction under 28 U.S.C. § 1332.

[3] Moreover, although Plaintiff's EEOC charge and Complaint also allege race discrimination, Plaintiff and his attorney confirmed at Plaintiff's deposition that he is no longer pursuing a race discrimination claim. (Doc. No. 12-1 at 6). Moreover, Plaintiff's Response to the Motion for Summary Judgment asserts that Plaintiff alleges only the two aforementioned claims. Thus, Plaintiff's race discrimination cause of action is dismissed. Consequently, the only remaining discrimination claim is one based upon disability.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## III. Analysis

As noted above, Defendant alleges that Scott's claims are time barred, as well as a myriad of alleged deficiencies regarding the substance of his claims. The Court will address each issue in turn.

4

## A. Limitations Period

Plaintiff brings his disability discrimination and retaliation claims under the TCHRA. The general rule under the TCHRA, specifically Texas Labor Code § 21.202(a), requires the complainant to file a charge of the kind filed in this instance with the administrative agency (i.e., the Texas Workforce Commission ("TWC") or the EEOC, which will forward it to the TWC) not later than the 180th day after the date the alleged unlawful employment practice occurred. TEX. LAB. CODE § 21.202(a). A discrete retaliatory or discriminatory act "occurred" on the day that it "happened." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).[4] Scott filed his charge of discrimination with the EEOC on April 26, 2022, in which he alleges discrimination based upon disability and retaliation. (Doc. No. 13 at 45). Thus, under the general rule, all allegations predating October 28, 2021 (180 days prior to the date the charge was filed) are outside of the TCHRA's statute of limitations.

Plaintiff asserts that, although some of his claims occurred before October 28, 2021, those claims fall under an exception to the general rule. Scott contends that his claims are not time barred because some of the alleged discrimination occurred within the 180-day window, and the occurrences that did not are part of a continuing violation. (Doc. No. 14 at 11–12). Accordingly, Scott cites caselaw to suggest that the "continuing violation exception" applies. (*Id.* at 13). Under this exception to the limitations period, a court may consider all of the employer's actions, even those that are outside of the 180-day window, when the plaintiff shows that the employer had an "organized scheme leading to and including a present violation, so that it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, that gives rise to the cause of

---

[4] Though Plaintiff claims that Defendant violated the TCHRA, the law governing claims under the TCHRA and Title VII is identical. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n.2 (5th Cir. 1999); *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018). Thus, the Court may use federal cases interpreting Title VII to interpret the TCHRA. *See Shackelford*, 190 F.3d at 404 n.2.

action." *Drew v. City of Houston*, 679 S.W.3d 779, 785 (Tex. App.—Houston [1st Dist.] 2023, no pet.).

Yet, Scott cites to caselaw predating the United States Supreme Court's decision in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). The *Morgan* Court clarified that the "continuing violation doctrine does not apply to discrimination and/or retaliation claims," but may apply to hostile work environment claims. *Skaggs v. Van Alstyne Indep. Sch. Dist.*, No. 4:16-CV-00227-CAN, 2017 WL 77825, at *6 (E.D. Tex. Jan. 9, 2017); *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009) ("Unlike in a case alleging discrete violations, a hostile environment plaintiff is not limited to filing suit on events that fall within this statutory time period because her claim is comprised of a series of separate acts that collectively constitute one 'unlawful employment practice.'") (quoting *Morgan*, 536 U.S. at 117). That means that only complaints based upon a hostile work environment claim can withstand a statute of limitations defense under a continuing violation theory. *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 737 (5th Cir. 2017), *as revised* (Mar. 13, 2017) ("Claims alleging discrete acts are not subject to the continuing violation doctrine; hostile workplace claims are."); *see also Aguirre v. Valerus Field Sols., L.P.*, CV H-15-3722, 2019 WL 2570069, at *9 (S.D. Tex. Jan. 23, 2019) (Stacey, M.J.) ("[O]nly complaints supporting a hostile work environment claim can withstand a statute of limitations defense under a continuing violation theory."), *report and recommendation adopted*, 4:15-CV-03722, 2019 WL 989413 (S.D. Tex. Mar. 1, 2019) (Hanen, J.).

Scott does not allege a hostile work environment claim; he has brought claims only for discrimination and retaliation. As such, the continuing violation exception to the limitations period does not apply. Consequently, any allegation of discrimination or retaliation predating October 28, 2021 (180 days prior to the date the charge was filed) are time-barred and must be dismissed. This

includes the crux of Plaintiff's complaint—his alleged demotion from Scale Clerk to Equipment Operator.[5]

Defendants argue that Plaintiff has not cited evidence that any discriminatory or retaliatory instance occurred within the 180-day window. (Doc. No. 15 at 5). Plaintiff contends that he was discriminated and retaliated against when he was "required to go to various locations" and because there was a "change in his supervisors' demeanor" that ultimately affected the terms, conditions, and privileges of his employment. (Doc. No. 14 at 12). Though Plaintiff did not cite to the exact lines of deposition testimony that support these contentions, Plaintiff did provide the deposition transcript that demonstrates that he testified that he was required to change locations "day to day, week to week" in 2022. (Doc. No. 14-1 at 13). Moreover, he testified that his supervisor's demeanor changed "at a certain point during the night work," which started either October 5 or 6 of 2021 and lasted "approximately a month." (*Id.* at 14). Therefore, drawing all reasonable inferences in the light most favorable to the nonmoving party, it is possible that the change in demeanor occurred within the 180-day window. Thus, Plaintiff has proffered evidence that a discriminatory or retaliatory instance occurred within the 180-day window.

**B. Discrimination**

There are two alternative methods of proof in discriminatory treatment cases; in this case, Plaintiff's claims discrimination based on disability and retaliation. Plaintiff may either prove discriminatory intent via direct evidence, or, when a claim involves circumstantial evidence, the Court must utilize the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*,

---

[5] The evidence shows that the last time Scott's title changed from Scale Clerk to Equipment Operator was on October 17, 2021. Defendant alleges that this was merely the result of a clerical error. (Doc. No. 15 at 6). Still, even if this were the official date of the "demotion" (though Plaintiff contends the date of the demotion is either July 8, 2021 when he was told that he needed to change positions, or September 20, 2021 when he returned from FMLA leave), this claim is still barred by the 180-day limitations period.

7

411 U.S. 792 (1973). If an inference is required for evidence to be probative as to an employer's discriminatory animus, the evidence is circumstantial, not direct. *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 341 (5th Cir. 2019). Here, Scott agrees that the evidence that he provides requires an inference to be probative as to any discriminatory animus. (Doc. No. 14 at 20) ("... the gravamen of Plaintiff's protected class discrimination claims is that Defendant's failure to follow its own policies creates an inference of discriminatory bias ..."). Thus, the Court must utilize the burden-shifting framework outlined in *McDonnell Douglas*.

In *McDonnell Douglas*, the Supreme Court outlined a three-part framework to analyze a discrimination claim. First, the plaintiff must establish a prima facie case of discrimination. *Id.* If the plaintiff does so, the burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's [adverse employment action]." *Id.* If the employer provides a legitimate, nondiscriminatory reason for the employee's adverse employment action, the burden shifts back to the plaintiff to prove that the employer's reason was pretext for discrimination. *Id.* at 804–05.

In order to survive summary judgment, Scott must raise a "genuine issue of material fact" that Vulcan discriminated against him. As noted above, Plaintiff must first establish a *prima facie* case. Therefore, Plaintiff must provide competent summary judgment evidence that he: "(1) he has a disability, or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability." *Dabbasi v. Motiva Enters., L.L.C.*, 107 F.4th 500, 508 (5th Cir. 2024). Defendants do not contest that Scott was qualified for his position. Vulcan does contest, however, Plaintiff's ability to raise a genuine issue of material fact on the remaining elements.

With respect to element one—whether Scott had a disability or was regarded as disabled— the TCHRA defines "disability" as "a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment." The TCHRA includes lifting as a defines "major life activity." Plaintiff testified that he was unable to lift more than 10 pounds directly after his shoulder surgery (Doc. No. 14-1 at 8), but that he was given "full medical release" from his doctor when he returned in September of 2021. (*Id.* at 11); (Doc. No. 13 at 42).

Whether a plaintiff had a disability is assessed at "the time of the adverse employment action." *Jennings v. Towers Watson*, 11 F.4th 335, 344 (5th Cir. 2021). Though the Court has not addressed whether Scott was subject to an adverse employment decision, the two alleged instances (that are not time-barred, as discussed above) are that he was "required to go to various locations" and that there was a "change in his supervisors' demeanor." These instances allegedly occurred some time after October 28, 2021. On September 14, 2021, Scott's doctor cleared him to go back to work without restriction. (Doc. No. 13 at 42).

The Fifth Circuit recently considered a similar case in *Dabbasi v. Motiva Enterprises, L.L.C.*, 107 F.4th 500 (5th Cir. 2024). There, the plaintiff, Dabbasi, brought a disability-discrimination against his employer. (*Id.* at 502). The plaintiff notified his employer about his alleged disability before taking roughly one month of medical leave. (*Id.* at 508). He then returned to work without restrictions, and was terminated three days later. (*Id.*). The district court held that the plaintiff had not presented a genuine issue of material fact to survive summary judgment because, at the time of the adverse employment action, the plaintiff was not disabled. (*Id.*). The Circuit affirmed.

The *Dabbasi* issue is strikingly similar to the case at bar. Like Dabbasi, Scott also notified his employer of his alleged disability (his shoulder injury) before taking medical leave. Scott, too, brought suit against his employer, alleging instances of discrimination that occurred after he returned to work without restrictions. The Court finds it difficult to distinguish *Dabbasi* from the instant case. As such, the Court finds that Scott has failed to raise a genuine issue of material fact as to whether he was disabled at the time of the adverse employment action. Thus, Plaintiff has failed to establish a *prime facie* case of disability discrimination.[6]

### C. Retaliation

Plaintiff's second, and final, claim is for retaliation under TCHRA.[7] To establish actionable retaliation, a plaintiff must first make a *prima facie* showing that: 1) he engaged in a protected activity; 2) that an adverse employment action occurred; and 3) that a causal link existed between the protected activity and the adverse action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012). Defendant disputes each element.

As for element one—whether Scott engaged in a protected activity—Plaintiff alleges that he engaged in a protected activity when he took FMLA leave in June 2021. (Doc. No. 14 at 22). Though it is undisputed that Plaintiff did, in fact, take FMLA leave, Defendant asserts that taking FMLA leave is not a protected activity under the TCHRA.

Section 21.055 of the TCHRA states that, "an employer . . . commits an unlawful employment practice if the employer . . . retaliates or discriminates against a person who, under this chapter: 1) opposes a discriminatory practice; 2) makes or files a charge; 3) files a complaint; or 4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing."

---

[6] While the Court need not discuss the third *McDonnell Douglas* factor, it is clear that Scott's claim would be unable to survive a pretext analysis.
[7] As previously noted, Plaintiff's live pleading states a claim for retaliation under the TCHRA, not the FMLA.

10

TEX. LAB. CODE § 21.055; *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 786 (Tex. 2018). Plaintiff has not pleaded a cognizable claim under the FMLA, and Plaintiff's taking of FMLA leave is not a protected activity within the meaning of the TCHRA. *See* TEX. LAB. CODE § 21.055.

Although Plaintiff does not address it, Defendant concedes that Scott may have raised a genuine issue of material fact as to whether he engaged in a protected activity by filing the charge of discrimination with the TWC or filing this lawsuit. (Doc. No. 12 at 21). Therefore, the Court will consider this argument, but it does not change the outcome of the suit.

With respect to element two—whether an adverse employment action occurred—Plaintiff contends that he suffered an adverse employment action because he was "demoted" to the Equipment Operator position upon his return from FMLA leave. Defendant, of course, disputes that this is an adverse employment action because Plaintiff's compensation and benefits did not change. Regardless of whether the change in position is an adverse employment action, Plaintiff failed to raise a genuine issue of material fact with respect to element three—that a causal link existed between the protected activity and the adverse action. Retaliation claims "must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). Since Scott's protected activity (either the filing of the charge with the TWC or the filing of this lawsuit) did not occur until *after* the alleged adverse employment action (the "demotion"), Scott cannot prove a causal connection. Thus, Plaintiff has failed to establish a *prime facie* case of retaliation.

## IV. Conclusion

Therefore, the Court **GRANTS** Vulcan's Motion for Summary Judgment in its entirety. (Doc. No. 12). As the last remaining claim, this matter is hereby dismissed with prejudice. The Court will enter a take nothing final judgment in a separate order.

Signed at Houston, Texas, on this the 22ⁿᵈ day of April, 2025.

Andrew S. Hanen
United States District Judge